UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JUAN DANIEL SEGOVIA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:15-cv-00288-TLS-SLC |
| LARRY RUTLEDGE, *Manager & Auto/Small engine mechanic*, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On October 7, 2015, *pro se* Plaintiff filed a supplement to his complaint against Defendants, together with a motion to seal this case in its entirety. (DE 3; DE 4). Plaintiff served the supplement to his complaint "to the clerk via ex parte." (DE 3 at 2). Plaintiff's supplement appears to be an attempt to amend his complaint in order to correct his spelling and form in an "effort [to] be proper in procedure." (DE 3 at 1). In his motion to seal the case, Plaintiff requests that the case be sealed "due to the nature of crimes and powers/authorities and by the descetion [sic] of the court upon eveidence [sic]." (DE 4 at 1).

The Court will first address Plaintiff's attempted amendment to his complaint, which fails to comply with Local Rule 15-1(b). "Amendments to a pleading: (1) must reproduce the entire pleading as amended, unless the court allows otherwise; and (2) must not incorporate another pleading by reference." N.D. Ind. L.R. 15-1(b). Here, Plaintiff's attempted amendment fails to reproduce the entire pleading as amended; it does not seek the Court's permission to do otherwise; and it also attempts to incorporate his initial complaint by reference, as Plaintiff notes that he has "no changes in amendment" regarding his "cause(s) of action with supporting facts."

(DE 3 at 2). Because Plaintiff's attempted amendment in his supplement fails to comply with the Local Rules, it will be STRICKEN. Plaintiff may, however, file a new amended complaint that complies with the Local Rules.

As to Plaintiff's motion to seal the case, "[j]udicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain." *Effinger v. United States*, No. 3:10-cv-383, 2011 WL 5828212, at *1 (S.D. Ill. Nov. 18, 2011) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996)). "The public 'at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.'" *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 1:14-cv-36, 2014 WL 7405761, at *1 (S.D. Ind. Dec. 30, 2014) (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)). "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id*. (quoting *Cincinnati Ins. Co.*, 178 F.3d at 945); *see* Fed. R. Civ. P. 26(c).

"Generally, 'the public's right to inspect judicial documents may not be evaded by the wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the public in determining whether any particular document, or class of documents, is appropriately filed under seal.'" *Effinger*, 2011 WL 5828212, at *1 (quoting *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989)). "Requests to seal an entire proceeding require[] extreme justification." *Id*. (citing *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995)).

Here, Plaintiff's motion to seal the case consists of one sentence, stating only that the case should be sealed "due to the nature of crimes and powers/authorities and by the descetion [sic] of the court upon eveidence [sic]." (DE 4 at 1). Plaintiff's filing does not state how any harm might occur if this matter is not sealed. "[T]he mere fact that information about plaintiff's lawsuit is accessible to the public is not an adequate reason to seal this case." *Jarecki v. Univ. of Wisconsin-Eu Claire*, No. 14-cv-890-jdp, 2015 WL 2229231, at *3 (W.D. Wis. May 12, 2015); *see also In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("Judicial proceedings in the United States are open to the public."). Thus, Plaintiff's motion to seal this case will be DENIED.

Accordingly, Plaintiff's attempted amendment to his complaint (DE 3) is STRICKEN for failure to comply with the Local Rules regarding amendment of pleadings, and Plaintiff's motion to seal the case (DE 4) is DENIED. *See Wrobel v. Maughan*, No. 12-cv-379-PB, 2012 WL 5948530, at *1 (D.N.H. Nov. 9, 2012) (citation and internal quotation marks omitted) (recommending that *pro se* plaintiff's motion to seal his case be denied), *adopted by Wrobel v. Maughan*, No. 12-cv-379-PB, 2012 WL 5945122 (D.N.H. Nov. 27, 2012); *Cumming v. LaRue*, No. C12-5946, 2012 WL 5938077, at *2 (W.D. Wash. Nov. 27, 2012) (denying *pro se* plaintiff's motion to seal case).

SO ORDERED.

Entered this 8th day of October 2015.

/s Susan Collins
Susan Collins,
United States Magistrate Judge